IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**District Judge Philip A. Brimmer**

Civil Action No. 26-cv-05522-PAB

ANDERSON ALEXANDER VILLANTORO MENDOZA,

Petitioner,

v.

JUAN BALTAZAR, Warden Denver Contract Detention Facility,
MARKWAYNE MULLIN, Secretary of DHS, and
DAVID VENTURELLA, Director of ICE,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Anderson Alexander Villantoro Mendoza's *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1] and petitioner's Additional Request for Relief [Docket No. 9].[1] Respondents filed a response. Docket No. 10.

## I. Background[2]

The petitioner, a citizen of El Salvador, is confined at an immigration detention facility in Aurora, Colorado. Docket No. 1. He states that he entered the United States at age 12 without inspection near El Paso, Texas, that he has a pending asylum application, and that the U.S. Citizen and Immigration Service granted him

---

[1] The Court must construe the application and other papers filed by petitioner liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.

[2] The following facts are undisputed unless otherwise noted.

employment authorization in 2025 that is valid through 2028. *Id.* at 5; Docket No. 1-3 at 2. Petitioner says that he has a misdemeanor state charge against him that is pending. Docket No. 1 at 5. He claims that he was detained by ATF agents on September 11, 2026 and later handed over to ICE agents, who arrested him without a warrant. *Id.* He asserts claims that the Court liberally construes as contending his arrest without a warrant and the resulting detention violates the due process clause of the Fifth Amendment and the Immigration and Nationality Act. As relief, he seeks immediate release from custody. *Id.* at 9.

The respondents do not address the merits of the petitioner's claims in the response. Instead, the respondents state:

> For purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case. Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief. Respondents submit that if the Court does grant the Petition, the appropriate relief would be an order directing that Respondents, within seven days of this Court's Order, release Petitioner from detention.

Docket No. 10 at 1-2.

## II. ANALYSIS

Petitioner states, and respondents do not dispute, that he is detained pursuant to 8 U.S.C. § 1226(a). Docket No. 1 at 6, ¶ 8. Title 8 U.S.C. § 1226(a) provides that, "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."[3] 8 U.S.C. § 1226(a) (emphasis added). Petitioner states that he was

[3] The type of warrant issued by immigration officers is known as Form I-200. *Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216 (D. Colo. 2025) (citing 8 C.F.R. §§ 236.1, 1236.1).

arrested without a warrant. Docket No. 1 at 5-6, ¶ 5. Respondents do not refute that petitioner was arrested without a warrant. *See generally* Docket No. 10. Thus, given petitioner's unrefuted claim that he was arrested without a warrant, the Court finds that petitioner was not arrested pursuant to a warrant.

There are exceptions to § 1226(a)'s warrant requirement. Pursuant to § 1357(a)(2), immigration officials may arrest a noncitizen without a warrant:

> to arrest any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens, or to arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States.

8 U.S.C. § 1357(a)(2). Under § 1357(a)(5), an immigration officer may also make a warrantless arrest:

> (A) for any offense against the United States, if the offense is committed in the officer's or employee's presence, or
>
> (B) for any felony cognizable under the laws of the United States, if the officer or employee has reasonable grounds to believe that the person to be arrested has committed or is committing such a felony,
>
> if the officer or employee is performing duties relating to the enforcement of the immigration laws at the time of the arrest and if there is a likelihood of the person escaping before a warrant can be obtained for his arrest.

8 U.S.C. § 1357(a)(5). "Courts have recognized that these warrantless-arrest authorities are strictly limited, particularly in the interior-arrest context." *Morelos Valdovinos v. Noem*, 2026 WL 948285, at *5 (D.N.M. Apr. 8, 2026) (collecting cases).

Respondents have not provided any argument or set forth any evidence indicating that petitioner's warrantless arrest was proper under § 1357. *See generally*

Docket No. 5. Accordingly, the Court finds that respondents lacked statutory authority to arrest petitioner, and petitioner's detention is thus unlawful. *See Morelos Valdovinos*, 2026 WL 948285, at *6 (finding that respondents lacked authority for petitioner's arrest where "[n]othing in the record suggests that either statutory condition – reasonable belief of a violation or likelihood of escape – was met" and "the record contains no facts that would satisfy § 1357(a)(2) or (a)(5)'s narrow prerequisites for a warrantless arrest"); *Matovu v. Mullin*, 2026 WL 1387476, at *3 (W.D. Okla. May 18, 2026) (finding that respondents' warrantless arrest was unlawful where "Respondents introduced no evidence and, as such, failed to establish that they had reason to believe Petitioner was likely to escape before a warrant could be obtained for his arrest") (alteration, internal quotation, and citation omitted).

Where respondents have failed to obtain a valid warrant for a noncitizen detained under § 1226(a) and lacked statutory authority for a warrantless arrest, courts have found the appropriate remedy is to order the non-citizen's release. *See, e.g.*, *Morelos Valdovinos*, 2026 WL 948285, at *7 (ordering petitioner's released based on "a growing body of decisions holding that when DHS detains a noncitizen under § 1226(a) without a warrant and without satisfying § 1357(a)(2), the detention is unlawful from the outset and immediate release is required") (collecting cases); *Matovu*, 2026 WL 1387476, at *3; *Kunner v. Grant,* 2026 WL 1623016, at *4 (W.D. Okla. Apr. 22, 2026), *report and recommendation adopted sub nom.*, 2026 WL 1452463 (W.D. Okla. May 22, 2026). "[W]hen DHS cannot meet the statute's requirements for a warrantless arrest, continued detention is unlawful and release is the only permissible remedy." *Morelos Valdovinos* 2026 WL 948285, at *7. Both parties agree that, if the Court grants the petition, the

proper remedy is to order petitioner's release. Docket No. 1 at 9; Docket No. 10 at 2. Accordingly, the Court will order petitioner's release.

Petitioner also filed what he titled an additional request for relief. Docket No. 9. In this filing, petitioner seeks that the Court enjoin respondents from re-arresting him. *Id.* at 1. "Injunction is a drastic remedy to be exercised with caution, and should be granted only in cases where the necessity therefore is clearly established." *Goldammer v. Fay*, 326 F.2d 268, 270 (10th Cir. 1964). Here, petitioner asserts that an injunction is necessary because ICE has previously re-arrested immigrants leaving the Denver Contract Detention Facility. Docket No. 9 at 1. However, petitioner does not assert how often this has happened or if this practice is still occurring. Thus, the Court will deny this request for relief.

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that petitioner's Additional Request for Relief [Docket No. 9] is **DENIED**. It is further

**ORDERED** that respondents shall release petitioner from custody within 48 hours of the issuance of this order. It is further

**ORDERED** that respondents shall file a status report within four days of the issuance of this order confirming that petitioner was released from custody.

DATED November 12, 2026.

BY THE COURT:

s/ Philip A. Brimmer_______
PHILIP A. BRIMMER
United States District Judge